UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENISE CASSANO, | * |
| Appellant, | * |
| v. | * Civil Action No. 23-cv-12673-ADB |
| WILFRED ROSADO, | * |
| Appellee. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Appellant Denise Cassano ("Debtor") appeals from the District of Massachusetts Bankruptcy Court's October 2, 2023 order granting a motion to dismiss her Chapter 13 bankruptcy case for bad faith filing under 11 U.S.C. § 1307(c). [ECF No. 1; ECF No. 4 at 104–117]. The appeal is before this Court pursuant to 28 U.S.C. § 158. For the reasons set forth below, the Court AFFIRMS.

I.   **STANDARD OF REVIEW**

Courts generally review appeals from bankruptcy courts using a clearly erroneous standard for findings of fact and a de novo standard for findings of law. Sullivan v. Solimini, 326 B.R. 204, 210 (B.A.P. 1st Cir. 2005). That said, dismissal for bad faith under § 1307(c) is reviewed under an abuse of discretion standard. Id.

> A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. [Ho v. Dowell, 274 B.R. 867, 871 (B.A.P. 9th Cir. 2002)]. . . . The clearly erroneous standard requires [the Court] to give great deference to [a] bankruptcy court as the trier of fact. Under this standard, a finding is clearly erroneous when although there is evidence to

1

support it, the reviewing court [has reviewed all of the] evidence [and] is left with the definite and firm conviction that a mistake has been committed.

Id.

## II.  BACKGROUND

The following facts are drawn largely from the Bankruptcy Court's motion to dismiss order.  See Sullivan, 326 B.R. at 210.  On December 14, 2014, Appellee Wilfred Rosado ("Rosado") obtained a judgment against Debtor in the Supreme Court of New York, New York County in the amount of $759,823.40, and the amount owed is currently greater than $1,300,000.00.  [ECF No. 4 at 107].  On February 14, 2023, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (the "Petition"), and on March 7, 2023, she filed her bankruptcy schedules and Chapter 13 plan.  [Id.].[1]

In her bankruptcy schedules Debtor listed that she had $4,918.94 available to general unsecured creditors.  [ECF No. 4 at 108].  After Debtor listed her assets and proposed a bankruptcy plan, Rosado issued discovery aimed at determining whether Debtor had additional assets.  [Id. at 52, 111].  As a result of additional disclosures during discovery, on April 4, 2023, Rosado filed a motion to dismiss Debtor's bankruptcy petition for bad faith under 11 U.S.C. § 1307(c).  [Id. at 18–23].  Thereafter, on June 2, 2023, Debtor filed an amended schedule which included three additional assets: $754.56 in a joint TD Bank account with Beverly Whitaker, $2,256.60 in a Coinbase account, and $35,000.00 in an account receivable due from Karina Scheinfeld.  [Id. at 108].

---

[1] A Chapter 13 bankruptcy plan is a voluntary process in which a debtor retains control of her property but creates a plan with the court to repay creditors over a period of three to five years. Rockwell v. Hull, 968 F.3d 12, 18 (1st Cir. 2020).

2

On October 2, 2023, the Bankruptcy Court granted Rosado's motion and dismissed the Petition. [ECF No. 4 at 104–117]. In so holding, the Bankruptcy Court found that the Debtor "ha[d] not acted in good faith" and "did not accurately disclose her assets in her initial schedules and amended only when Rosado's discovery requests focused her on her misstatements." [Id. at 112]. Specifically, the Bankruptcy Court stated that the Debtor, as a "sophisticated financial professional who provides accounting and tax services," "understands the concepts of 'assets' and 'liabilities.'" [Id. at 110]. It also found that the Debtor was "capable of accurately disclosing her assets and liabilities;" however, despite the Debtor's sophisticated financial background, she failed to disclose three non-exempt assets in the bankruptcy schedules. [Id.].[2] Further, Debtor failed to provide a credible reason for why these non-exempt assets were excluded, and instead "testified, essentially, that she had inadvertently overlooked these assets." [Id.]. Ultimately, the Bankruptcy Court concluded that

> [a]t worst, [Debtor] intentionally made inaccurate disclosures. At best, this financial professional demonstrated a reckless disregard for the accuracy of her disclosures that rose above mere mistake or inadvertence and, consequently, equated to a lack of honesty and sincerity in the bankruptcy process that would have misled the Court, the Trustee, and creditors.

[Id. at 113].

On November 6, 2023, Debtor filed a notice of appeal with this Court. [ECF No. 1]. She filed a brief in support of the appeal on January 5, 2024, [ECF No. 9], and Rosado opposed on January 18, 2024, [ECF No. 10].

---

[2] Non-exempt assets are available to creditors, whereas exempt assets are not. In re Williams, 515 B.R. 395, 399 (Bankr. D. Mass. 2014). Debtors can exempt assets under 11 U.S.C. § 522, through federal exemptions or applicable state or local laws. In re Gaudreault, 315 B.R. 1, 3–4 (Bankr. D. Mass. 2004).

III.      DISCUSSION

"[It] is well established that lack of good faith (or bad faith) is 'cause' for dismissal or conversion of a Chapter 13 case under §1307(c)." Sullivan, 326 B.R. at 211. While bad faith is not clearly defined, "[t]he bottom line is whether the debtor is attempting to thwart his creditors, or is making an honest effort to repay them to the best of his ability." Id. at 212 (quoting In re Virden, 279 B.R. 401, 409 (Bankr. D. Mass. 2002)). Courts assessing whether the debtor exercised bad faith apply a "totality of the circumstances test," under which they may consider the following factors:

> (1) debtor's accuracy in stating her debts and expenses, (2) debtor's honesty in the bankruptcy process, including whether she has attempted to mislead the court and whether she has made any misrepresentations, (3) whether the Bankruptcy Code is being unfairly manipulated, (4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, and (6) debtor's motivation and sincerity in seeking Chapter 13 relief.

Id. at 212. "[T]he factors to be considered may vary in each case." Id. "[T]he inquiry is inherently fact sensitive, done on a case-by-case basis, and may involve consideration of other factors or a more general balancing of equities." In re Taal, 520 B.R. 370, 376 (Bankr. D.N.H. 2014) (citing Sullivan, 326 B.R. at 212).

Further, "neither malice nor actual fraud is required to find a lack of good faith." Sullivan, 326 B.R. at 212 (quoting In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999)).[3] Rather, "courts have held that a debtor's 'reckless disregard for the accuracy of information' contained in his schedules can rise to the level of bad faith," Taal, 520 B.R. at 376 (quoting In re Valentine, No. 08-12074, 2009 WL 3336081, at *6 (Bankr. D.N.H. Oct. 14, 2009)), and that "amendments

---

[3] Sullivan cites to Ho for this quotation, but appears to have done so incorrectly. See Sullivan, 326 B.R. at 212; Ho, 274 B.R. at 876.

4

'cannot expunge the falsity of an oath,'" Zizza v. Pappalardo, 500 B.R. 288, 294 (B.A.P. 1st Cir. 2013) (quoting In re Mumin, No. 97-00993, 1998 WL 160992, at *2 (Bankr. E.D. Pa. Apr. 1, 1998)). Bankruptcy courts have significant discretion when deciding whether to dismiss a Chapter 13 case for bad faith.

Here, the Bankruptcy Court did not abuse its discretion. First, with respect to the factual findings, the judge relied on the facts in the record, many of which were stipulated to, to reach the reasonable conclusion that Debtor knowingly or recklessly failed to disclose assets. [ECF No. 4 at 106–110, 112–113]. Second, with respect to its legal analysis, the Bankruptcy Court correctly considered the factors articulated in Sullivan, [ECF No. 4 at 105, 112, 117],[4] and based on the totality of the circumstances, found that the Debtor, as a "sophisticated" accountant, at best exercised "reckless disregard" and at worst "intentionally made inaccurate disclosures" when submitting her schedule of assets, which the court determined was grounds for dismissal. [Id. at 110, 113]. Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in finding that the Debtor acted in bad faith and dismissing the Petition.

## IV.  CONCLUSION

Accordingly, the Bankruptcy Court's October 22, 2023 order dismissing the Petition is AFFRIMED.

**SO ORDERED.**

July 9, 2024                                              /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE

---

[4] The Bankruptcy Court's findings, [ECF No. 4 at 112–113], speak to Sullivan factors (1) ("a debtor's accuracy in stating her debts and expenses") and (2) (the "debtor's honesty in the bankruptcy process, including whether she has attempted to mislead the court and whether she has made any misrepresentations."). See Sullivan, 326 B.R. at 212